KRISTIN A. BLOCHER (SBN: 283730)
kblocher@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 830-6546
Facsimile: (916) 920-4402

Attorneys for Plaintiffs
LIFEMD, INC., et al.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LIFEMD, INC., et al.

Plaintiffs,

vs.

CHRISTIAN M. LAMARCO, et al.

Defendant.

CASE NO.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NON-PARTY VALIANT CAPITAL MANAGEMENT, L.P.'S COMPLIANCE WITH SUBPOENA FOR DOCUMENTS**

Filed by Petitioner/Plaintiff who is a Party to the Out of State Case:

United States District Court for the Western District of Pennsylvania
Case No: 2:21-cv-00640-WSS



Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

## I. INTRODUCTION

Plaintiff/Petitioner LifeMD, Inc. ("LifeMD"), Stefan Galluppi ("Galluppi") and Justin Schreiber ("Schreiber") (collectively "Plaintiffs"), through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure ("Rule") 45(d)(2)(B)(i), hereby respectfully request the Court to compel non-party Valiant Capital Management, L.P. ("VCM") to fully comply with the subpoena served on it and produce all documents requested in the subpoena. The document subpoena was issued in connection with a pending civil case in the United States District Court for the Western District of Pennsylvania. The Court in that case approved the form of the subpoena. The subpoena seeks documents on the identity of and communications with unknown Defendants in that case, as well as communications with another non-party, Guidepoint Global, LLC, regarding one of the named Defendants, Culper Research ("Culper"), and/or the online pharmacy service provider for plaintiff LifeMD, Inc., known as GoGoMeds. The information requested by the subpoena is necessary, relevant, and proportional to the needs of the Pennsylvania federal case, enabling Plaintiffs to learn the identities of Culper and the other John Doe Defendants, to investigate their role in the creation, publication and dissemination of the false and defamatory statements posted by Culper against Plaintiffs, and to amend the Complaint accordingly and effectuate service of process on the responsible parties involved. Without this information, Plaintiffs cannot fully pursue this lawsuit to protect their rights.

VCM responded to the document subpoena by identifying two Culper email addresses in its possession but lodging general and specific objections to any production. From July 7, 2021 to July 13, 2021, counsel for Plaintiffs and VCM met and conferred in an attempt to resolve VCM's subpoena objections. *See* Declaration of Joseph L. Meadows In Support of Plaintiffs' Motion to Compel Non-Party Valiant Capital Management, L.P.'s Compliance with Subpoena for Documents ("Meadows Decl.") at ¶¶ 5 – 7. Despite these efforts, the parties were unable to resolve the objections. *Id.* at ¶¶ 7 – 8.

///

///

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

For these reasons and the facts and legal authority herein, Plaintiffs respectfully request this Court to grant this motion and order VCM to fully comply with the subpoena and produce all requested documents in its possession, custody, or control.

## II. JURISDICTIONAL STATEMENT

Personal jurisdiction refers to the Court's power to render a judgment that either commands a party's obedience or imposes obligations upon it that will be enforced by other courts. *Burnham v. Sup. Ct.*, 495 U.S. 604, 609-610 (1990). VCM's principal place of business is in San Francisco, California. The subpoena was served on VCM at 1 Market Street, Steuart Tower, Suite 2625, San Francisco, CA 94105. Meadows Decl. at ¶ 3. Accordingly, this Court has personal jurisdiction over VCM.

## III. BACKGROUND

In April 2021, Plaintiffs fell victim to a "short and distort" scheme initiated by Defendants Christian Lamarco, Culper and its cohorts. In particular, on April 14, 2021, Culper, individually and/or in conjunction with Defendants Christian Lamarco and John Does, published a false and defamatory report (the "Report") concerning Plaintiffs on its website www.culperresearch.com and via Twitter using @CulperResearch. The Report is filled with false and defamatory statements about Plaintiffs, misrepresenting and discrediting LifeMD's business practices, accusing Schreiber and Galluppi of engaging in fraud, and LifeMD of being complicit in felonious acts, amongst other things. As a result of the libelous Report, Plaintiffs have been damaged.

Accordingly, on May 13, 2021, Plaintiffs brought the underlying action in the United States District Court for the Western District of Pennsylvania (Civil Action No. 2:21-cv-00640-WSS) against Lamarco, Culper and Does #2-10 for defamation and other claims. At the time Plaintiffs filed their Complaint and until this day, Plaintiffs are unaware of the identities of all parties responsible for the libelous Report. On May 28, 2021, Plaintiffs filed a Motion for Leave to Conduct Expedited Discovery (ECF No. 8) seeking to serve document subpoenas on various entities, including VCM, which are likely to have information regarding Culper's and the Doe

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

defendants' identities. As set forth in that motion, VCM and Guidepoint Global, LLC ("Guidepoint") worked together to attempt to develop investor research information about LifeMD and its online pharmacy service provider, GoGoMeds.com. Shortly before Lamarco and Culper published the libelous Report, Guidepoint sent GoGoMeds unsolicited links to a questionnaire that focused on LifeMD and its products, services, operations, management, and competitive market. After GoGoMeds completed the questionnaire, Guidepoint scheduled GoGoMeds for a follow-up phone interview with VCM about the questionnaire, which subsequently took place between GoGoMeds and VCM. *See* Meadows Decl. at ¶ 7. The nature and timing of the questionnaire and follow-up phone interview, along with VCM and Guidepoint's participation in same, compared to the nature and timing of the Report suggest that VCM and Guidepoint likely have information about Culper and other unknown defendants working with or for Culper.

On June 1, 2021, the Court in the Pennsylvania federal case granted Plaintiffs' motion for expedited discovery (ECF No. 10.). Plaintiffs then served the subpoena on VCM through its registered agent on June 26, 2021. Meadows Decl. ¶ 3. By the subpoena, Plaintiffs requested only these documents from VCM:

1. Documents setting forth all Identifying Information that John Doe[1] provided to You or was collected by You.

2. Documents evidencing any and all communications You had with John Doe.

---

[1] The terms Identifying Information and John Doe are defined as follows:

1. The term "*John Doe*" shall mean any individual(s) or entity(ies) who are or may be past and present agents, representatives, attorneys, corporate affiliates, third party service providers, and any other person or entity acting on behalf of Culper Research, which operates the domain www.culperresearch.com and Twitter account @Culper Research.

2. The term "*Identifying Information*" shall mean any information that would assist in determining the true identity of John Doe, including, but not limited to, any names, addresses, telephone numbers, cellular phone numbers, mobile carrier, email accounts, biography information, date of birth, location information, cookie information, credit card information, or IP addresses and IP logs (including applicable Internet Service Providers) provided to or collected by You.

3. Documents evidencing any and all communications You had with Guidepoint Global, LLC regarding Culper Research and/or GoGoMeds.

*See* Meadows Decl. at Ex. A.

On June 29, 2021, VCM, through its counsel, responded to the subpoena asserting blanket and boilerplate general objections to the three document requests. Meadows Decl. at Exhibit B. VCM also asserted specific objections to each of the requests on the grounds that the subpoena is "impermissibly over-broad and not proportional to the needs of the asserted claims," "that it calls for production [of] Valiant's confidential commercial information and invades Valiant's and Valiant's employees' privacy rights," and that "it calls for the production of privileged documents or materials otherwise protected from discovery." *Id.* VCM failed to produce any documents as commanded by the subpoena, although it did provide in its written response two Culper email addresses it had in its possession. *Id.*

Between July 7 and July 13, 2021, by phone and email, counsel for Plaintiffs and VCM met and conferred about the subpoena objections. Meadows Decl. at ¶ 5. Counsel for Plaintiffs explained the relevance of the documents requested; offered to narrow and tailor the scope of Request Nos. 2-3 to VCM communications with Culper (or its human agents) and/or Guidepoint regarding the named Plaintiffs and/or GoGoMeds; and offered to engage toward an agreed protective order for any VCM privileged or confidential information. *Id.* at ¶ 6. By counsel, VCM admits to having possession of communications with Guidepoint regarding Plaintiff LifeMd, but refuses to respond to a request to produce those communications as being "non-substantive" in nature. VCM also denies participating with or knowing about any Guidepoint "survey of any sort" regarding LifeMD or GoGoMeds, but that denial conflicts with facts that Guidepoint sent a questionnaire to GoGoMeds about LifeMD and coordinated with VCM to hold a follow-up phone interview with GoGoMeds. Finally, VCM, again by counsel, protests the production of its "confidential research file," but the subpoena does not call for the production of any such file. *Id.* at ¶ 7. The meet and confer is at a stalemate. VCM has not produced any

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

documents in response to the subpoena. *Id.* at ¶ 8. Accordingly, Plaintiffs bring the instant motion.

## IV. LEGAL STANDARD & ARGUMENT

Rule 45 establishes the rules for subpoenas served upon individuals and entities who are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.") A nonparty served with a Rule 45 subpoena has three options: (1) comply with the subpoena; (2) object to the subpoena pursuant to Rule 45(d)(2)(B); or (3) move to quash or modify the subpoena pursuant to Rule 45(d)(3). *Duong v. Groundhog Enterprises, Inc.*, No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939 at *5 (C.D. Cal. Feb. 28, 2020) (citing Fed. R. Civ. P. 45(d)-(e)).

Though a non-party's objections to document requests in a Rule 45 subpoena are not technically subject to Rule 34(b)(2)(B)'s requirements, courts do apply the same requirements, "including the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity." *A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *4 (C.D. Cal. Oct. 19, 2018) (internal quotation marks omitted); *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).

### A. VCM's General Objections Fail to Respond to the Subpoena With Specificity.

Generic, boilerplate objections to discovery are not sufficient. *Taylor v. County of Calaveras*, No. 1:18-cv-00760-BAM, 2019 WL 6341131 at *3 (E.D. Cal. Nov. 27, 2019) (citing *Marti v. Baires*, 2012 WL 2029720 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process)). *See also, e.g., Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015; *Vargas v. Palm Management Corp.*, No. CIV.A. 03-4280, 2004 WL 614595, at *2 (E.D. Pa. Mar. 26, 2004) ("general, unspecified objections to discovery requests" are "insufficient and improper"); *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530 (E.D. Pa. 1999) (general "boilerplate" objections to discovery are improper); *Momah v. Albert Einstein Medical Center*,

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

164 F.R.D. 412, 417 (E.D. Pa. 1996) ("mere recitation of familiar litany that interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant" is improper to meet burden on producing party to "state grounds for objection with specificity").

VCM asserts five (5) "General Objections" as its initial response to the subpoena. Because general boilerplate objections are improper, VCM's General Objections should be overruled and should not serve as a basis for VCM's withholding of any responsive documents.

**B. VCM Fails to Adequately Respond to Request No. 1.**

In response to Request No. 1 of the subpoena, VCM writes that it "believes after reasonable investigation that the only Identifying Information reflected in documents in its possession are the email addresses culperjunior@protonmail.com and culper@culperresearch.com." It seems obvious by its response that VCM must have documents reflecting these email addresses, yet VCM failed to produce those documents. VCM's written response without the corresponding documents fails to comply with the subpoena. VCM should be compelled to produce documents and emails setting forth Identifying Information about Culper and/or John Does, including documents with the disclosed two email addresses.

**C. VCM's Objections to Request Nos. 2 & 3 are Meritless.**

In response to Request Nos. 2 and 3 of the subpoena, VCM asserts the same two objections, *i.e*, that the subpoena: 1) is impermissibly over-broad and not proportional to the needs of the asserted claims; and 2) calls for production of confidential, private, and/or privileged information. Both objections are without merit.

First, VCM's objection that the requests are impermissibly over-broad and not proportional to the needs of the asserted claims is contradicted by the Pennsylvania Federal Court's Order granting Plaintiffs' Motion for Leave to Conduct Expedited Discovery. In granting the motion, that Court necessarily considered the need of the information requested by the subpoena and its relevance to the case. Indeed, a copy of the subpoena was attached to the motion, and the Court granted permission for it to be served.

Moreover, the scope of the subpoena and specific documents requested seek relevant

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

documents, narrowly tailored to the important purpose of identifying the Defendants in the case. Request No. 2 is limited to requesting documents and communications that would assist in determining the true identity of any individual(s) or entity(ies) who are or may be "agents, representatives, attorneys, corporate affiliates, third party service providers, and any other person or entity acting on behalf of Culper Research, which operates the domain www.culperresearch.com and Twitter account @Culper Research." Meadows Decl. at Ex. A. Request No. 3 is limited to only those documents and communications between VCM and Guidepoint regarding Culper and/or GoGoMeds. *Id.*

Second, VCM's objection that the document requests call for production of confidential, private and/or privileged information is also without merit. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. *See PostX Corp. v. Secure Data Motion*, No. C 02-04483 SI, 2004 WL 2623234 at *1 (N.D. Cal. June 9, 2004). Where the responding party seeks to assert the attorney-client privilege and or the work-product doctrine, the party's assertion must be express and "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *E.E.O.C. v. Safeway Store, Inc.*, No. C-00-3155 TEH (EMC), 2002 WL 31947153 at *1 (N.D. Cal. Sept. 16, 2002) (citing Fed.R.Civ.P. 26(b)(5)). Generally, the responding party asserting the privilege provides the propounding party with a privilege log containing "the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the documents and the privileges asserted." *Id.* (citing *Brown v. Smythe*, No. Civ. 90–3815, 1991 WL 275785, *1 (E.D. Pa. Dec.18, 1991) (stating that the party seeking to assert the attorney-client privilege or the work product doctrine must make "a specific

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality")). Further, it is well settled that the party resisting discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Id* at *1 (citing *Brown*, 1991 WL 275785 at *1).

VCM fails to demonstrate specific grounds to withhold documents based on any privilege or other protection. It objects to the subpoena, conditionally, "to the extent it calls for the production of privileged documents or materials otherwise protected from discovery," but then identifies no specific documents that would fall under the privilege or protection. Meadows Decl. at Ex. B. VCM has not met its burden to sustain these objections.

To be sure, VCM cannot unilaterally refuse to disclose documents that are simply alleged as privileged or confidential. The Ninth Circuit has recognized that a party challenging the asserted privilege may lack sufficient evidence as such evidence is likely in the hands of the party invoking the privilege. *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). As shown above, courts have stated that the proper procedure for VCM to follow is to create a privilege log, as described in Fed. R. Civ. P. 26(b)(5), which can be examined and apprise Plaintiffs (and the Court) of the basis for the claim of privilege.

Third, although Requests Nos. 2-3 are already narrow and intended to avoid imposing undue burden or expense on non-party VCM, Plaintiffs offered to consolidate and further narrow these document requests as follows: to only those VCM communications with Culper (or its human agents) and/or Guidepoint regarding the Plaintiffs and/or GoGoMeds. Meadows Decl. at ¶ 6. Plaintiffs also offered to enter into an agreed protective order shielding any privileged or confidential information. *Id.* The offer remains open. Litigants routinely resolve subpoena objections in this manner. It should be no different here.

///

///

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and compel non-party VCM to produce all documents requested in the subpoena.

Dated: July 21, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kristin A. Blocher*________
Kristin A. Blocher
Attorneys for Plaintiffs

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

**CERTIFICATE OF SERVICE**

I, Kassandra Montgomery, hereby certify that on July 21, 2021, the foregoing document was filed and served electronically using the CM/ECF system, and served by U.S. Mail on anyone unable to receive a notice electronic filing.

*/s/ Kassandra Montgomery*
Kassandra Montgomery