KRISTIN A. BLOCHER (SBN: 283730)
kblocher@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 830-6546
Facsimile: (916) 920-4402

Attorneys for Plaintiffs
LIFEMD, INC., et al.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFEMD, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTIAN M. LAMARCO, et al.<br><br>Defendant. | CASE NO.<br><br>**DECLARATION OF JOSEPH L. MEADOWS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NON-PARTY VALIANT CAPITAL MANAGEMENT, L.P.'S COMPLIANCE WITH SUBPOENA FOR DOCUMENTS**<br><br>Date:<br>Time: 9:30 a.m.<br>Judge: Hon.<br>Courtroom: |

I, Joseph L. Meadows, declare as follows:

1. I am an attorney duly licensed to practice before the state and Federal courts of the District of Columbia, Maryland and Virginia and am a Partner at the law firm of Gordon Rees Scully & Mansukhani, LLP, attorneys of record for Plaintiffs LifeMD, Inc., Stefan Galluppi and Justin Schreiber in a civil action against Defendants Christian Lamarco, Culper Research, and John Does pending in the United States District Court for the Western District of Pennsylvania (Civil Action No. 2:21-cv-00640-WSS).

2. I have personal knowledge of the matters set forth in this declaration and could



Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

competently testify to them if called as a witness.

3. Attached to this declaration as **Exhibit A** is a true and correct copy of a Subpoena for Documents issued to Valiant Capital Management, L.P. ("VCM"), which was served upon its registered agent on June 26, 2021.

4. Attached to this declaration as **Exhibit B** is a true and correct copy of VCM's responses and objections to the subpoena, which was served by email on Plaintiffs' counsel and also by U.S. Mail on June 29, 2021.

5. Between July 7 and July 13, 2021, by phone and email, I met and conferred with Jahan P. Raissi, counsel for VCM, about the subpoena responses and objections.

6. I explained the relevance of the documents requested; offered to narrow and tailor the scope of Request Nos. 2-3 to VCM communications with Defendant Culper Research (or its human agents) and/or Guidepoint Global, LLC ("Guidepoint") regarding the named Plaintiffs and/or GoGoMeds; and offered to engage toward an agreed protective order for any VCM privileged or confidential information.

7. By counsel, VCM admitted to having possession of communications with Guidepoint regarding Plaintiff LifeMd, but refused to respond to a request to produce those communications as being "non-substantive" in nature. VCM also denied participating with or knowing about any Guidepoint "survey of any sort" regarding LifeMD or GoGoMeds, but that denial conflicts with facts that Guidepoint sent a questionnaire to GoGoMeds about LifeMD and coordinated with VCM to hold a follow-up phone interview with GoGoMeds. Finally, VCM, again by counsel, protested the production of its "confidential research file," but the subpoena does not call for the production of any such file.

8. The meet and confer is at a stalemate. VCM has not produced any documents in response to the subpoena.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of July, 2021.

/s/ *Joseph L. Meadows*
JOSEPH L. MEADOWS

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

LifeMD, Inc., et al.
*Plaintiff*
v.
Christian Lamarco, et al.
*Defendant*

Civil Action No. 2:21-cv-00640-WSS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Valiant Capital Management, L.P.
1 Market Street, Steuart Tower, Suite 2625, San Francisco, CA 94105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A hereto.

| Place: Gordon Rees Scully Mansukhani, 275 Battery Street, Suite 2000, San Francisco, CA 94111 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, who issues or requests this subpoena, are:

Jessica Lucas, Esq., 707 Grant Street, Suite 3800, Pittsburgh, PA 15219, jlucas@grsm.com, (412)577-7400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:21-cv-00640-WSS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

For purposes of the Subpoena, the following definitions are applicable:

1. The terms "*Document*" and "*Documents*" shall be defined in their broadest sense under Fed. R. Civ. P. 34, and shall include all means of media in English, or any other language used for representation, exemplification, depiction, illustration or preservation of data or information and as otherwise described in Fed. R. Civ. P. 34(a), including data stored solely in an electronic or digital form such as e-mail. The terms shall mean the originals and best available copies and drafts (whether different because of notes made thereon or otherwise, and whether executed or unexecuted) of all printed, typewritten or handwritten matter or reproduction thereof, of whatever character or other graphic matter of any kind or nature. Each non-identical copy of a Document shall be considered a separate Document for purposes of these requests.

2. The terms "*You*" and "*Your*" shall mean Valiant Capital Management, L.P. and any of its past and present agents, representatives, attorneys, corporate affiliates, third party service providers, and any other person or entity acting on its behalf.

3. The term "*John Doe*" shall mean any individual(s) or entity(ies) who are or may be past and present agents, representatives, attorneys, corporate affiliates, third party service providers, and any other person or entity acting on behalf of Culper Research, which operates the domain www.culperresearch.com and Twitter account @Culper Research.

4. The term "*Identifying Information*" shall mean any information that would assist in determining the true identity of John Doe, including, but not limited to, any names, addresses, telephone numbers, cellular phone numbers, mobile carrier, email accounts, biography information, date of birth, location information, cookie information, credit card information, or IP addresses and IP logs (including applicable Internet Service Providers) provided to or collected by You.

## DOCUMENTS TO BE PRODUCED

1. Documents setting forth all Identifying Information that John Doe provided to You or was collected by You.

2. Documents evidencing any and all communications You had with John Doe.

3. Documents evidencing any and all communications You had with Guidepoint Global, LLC regarding Culper Research and/or GoGoMeds.

# EXHIBIT B

SHARTSIS FRIESE LLP
JAHAN P. RAISSI (SBN 168599)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: jraissi@sflaw.com

Attorneys for Non-Party
VALIANT CAPITAL MANAGEMENT, L.P.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LifeMD, Inc.,<br><br>Plaintiff.<br><br>v.<br><br>Christian Lamarco, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00640-WSS<br>(Pending in Western District Pennsylvania)<br><br>**RESPONSE AND OBJECTION OF NON-PARTY VALIANT CAPITAL MANAGEMENT, L.P. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Non-party Valiant Capital Management, L.P. ("Valiant") hereby objects and responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") issued on behalf of Plaintiff as follows:

**GENERAL OBJECTIONS**

The following statements are incorporated into each of Valiant's responses to the Subpoena's requests:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1. Valiant is a non-party that was not involved in the matters alleged in the compliant in this matter, and possesses no information relevant to the complaint's allegations. The parties to this case have an obligation to minimize the burden, expense, and inconvenience of discovery requests on non-parties such as Valiant. As such, the Subpoena's requests are overbroad, burdensome, and not proportional to the needs of the asserted claims in as much as they call for information that is not in any way connected to LifeMD, Inc. Moreover, because Valiant is a non-party that was not involved in the matters alleged in the complaint, there is no basis to seek the production of any of Valiant's investment work-product as it constitutes confidential and protected commercial information. Non-party Valiant objects to each of the Subpoena's requests on these grounds.

2. Non-party Valiant objects to the Subpoena's definitions, including but not limited to: (a) definition 2, as overbroad in, among other things attempting to improperly extend the scope of the Subpoena beyond the entity to which the Subpoena is addressed, and (b) definition 3 as failing to sufficiently identify the subject beyond an affiliation with Culper Research, which affiliation non-party Valiant may not be aware of. This response is made on behalf of the entity that the Subpoena is addressed to and to the best of Valiant's reasonable knowledge.

3. Non-party Valiant has not and does not intend to waive any applicable privilege or doctrine.

4. Non-party Valiant objects to the date of the requested production set forth in the Subpoena as unduly burdensome.

5. Each objection and response herein is true and correct to the best of Valiant's knowledge as of the date the Subpoena was received. These objections and responses are given without prejudice to Valiant's right to submit supplementary responses to the Subpoena.

**OBJECTIONS AND RESPONSES TO SUBPOENA REQUESTS**

**REQUEST NO. 1:**

Documents setting forth all Identifying Information that John Doe provided to You or was collected by You.

**RESPONSE TO REQUEST NO. 1:**

Subject to the General Objections which are incorporated herein, non-party Valiant believes after reasonable investigation that the only Identifying Information reflected in documents in its possession are the email addresses culperjunior@protonmail.com and culper@culperresearch.com.

**REQUEST NO. 2:**

Documents evidencing any and all communications You had with John Doe.

**RESPONSE TO REQUEST NO. 2:**

Subject to the General Objections which are incorporated herein, non-party Valiant states that to the best of its knowledge it has no documents responsive to this request concerning or relating to LifeMD, Inc. or its affiliates. Non-party Valiant objects to this request on the grounds that it impermissibly over-broad and not proportional to the needs of the asserted claims in that any documents that do not relate in any way to LifeMD, Inc. have no conceivable relationship or bearing on the complaint's allegations of improper conduct of the part of Defendant Culper Research relating to LifeMD, Inc. Non-party Valiant further objects to this request on the grounds that it calls for the production Valiant's confidential commercial information and invades Valiant's and Valiant's employees' privacy rights. Non-party Valiant also objects to the request to the extent it calls for the production of privileged documents or materials otherwise protected from discovery.

**REQUEST NO. 3:**

Documents evidencing any and all communications You had with Guidepoint Global, LLC regarding Culper Research and/or GoGoMeds.

**RESPONSE TO REQUEST NO. 3:**

Subject to the General Objections which are incorporated herein, non-party Valiant states that to the best of its knowledge it has no documents responsive to this request as it relates to Culper Research. As to the balance of this request, non-party Valiant objects to this request on the grounds that it impermissibly over-broad and not proportional to the needs of the asserted claims in that any investment research that was or was not conducted by Valiant has no

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

conceivable relationship or bearing on the complaint's allegations of improper conduct of the part of Defendant Culper Research. Non-party Valiant further objects to this request on the grounds that it calls for the production Valiant's confidential commercial information and invades Valiant's and Valiant's employees' privacy rights. Non-party Valiant also objects to the request to the extent it calls for the production of privileged documents or materials otherwise protected from discovery.

Dated: June 29, 2021

SHARTSIS FRIESE LLP

By: JAHAN P. RAISSI

Attorneys for Non-Party
VALIANT CAPITAL MANAGEMENT, L.P.

**PROOF OF SERVICE**

I, Lisa Aziz, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, Eighteenth Floor, San Francisco, California 94111. I am over the age of eighteen years and am not a party to the within-entitled action.

On June 29, 2021 at Shartsis Friese LLP located at the above-referenced address, and, pursuant to California Rules of Court, Federal Rules of Civil Procedure, Civil Code of Procedure, and local rules, I served on the interested parties in said cause a copy of the within document(s):

**RESPONSE AND OBJECTION OF NON-PARTY VALIANT CAPITAL MANAGEMENT, L.P. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in accordance with the firm's practice, of which I am familiar, of collection and processing correspondence for mailing on the same day to the person(s) at the address(es) set forth below:

☑ by electronically delivering the document(s) listed above on this date from electronic address sflaw.com, and after which transmission I did not receive within a reasonable time any electronic message or other indication that the transmission was unsuccessful, to electronic mail address(es) set forth below: (☑ by agreement / ☐ not by agreement)

Jessica Lucas, Esq.
Gordon Rees Scully Mansukhani, LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 29, 2021, at San Francisco, California.

[signature]

Lisa Aziz

07652\002\8990870.v1



SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598